■ In the Matter of MARK E. FORREST, Appellant, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [33 NYS3d 793]—

Mulvey, J. Appeal from a judgment of the Supreme Court (Hard, J.), entered January 22, 2015 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of respondent Department of Motor Vehicles denying petitioner's application for a driver's license.

Petitioner was convicted of driving while intoxicated in 2010—his fifth conviction for an alcohol-related driving offense. As a result, he was sentenced to, among other things, probation and his driver's license was revoked for a minimum period of one year (see Vehicle and Traffic Law § 1193 [2] [b] [3]). When the one-year minimum period expired, pursuant to the conditions of his probation, petitioner obtained permission from the sentencing court to apply for restoration of his license and, thereafter, applied for a new license. Respondent Department of Motor Vehicles (hereinafter DMV) held the application in abeyance pending the adoption of emergency regulations by respondent Commissioner of Motor Vehicles concerning the review of applications for relicensing by persons with multiple alcohol- or drug-related driving offenses (see 15 NYCRR part 136). DMV subsequently denied petitioner's application and, upon petitioner's administrative appeal, the denial was affirmed. Petitioner then commenced this CPLR article 78 proceeding against DMV and the Commissioner seeking, among other things, an order granting him a new license and declaring that the emergency regulations are unconstitutional because, among other things, they violate the separation of powers doctrine. Supreme Court dismissed the petition, and this appeal ensued.

We affirm. To the extent that petitioner's arguments in favor of invalidating 15 NYCRR 136.5 (b) (1) are substantially similar to those advanced in *Matter of Matsen v New York State Dept. of Motor Vehs.* (134 AD3d 1283, 1284 [2015]), *Matter of Noonan v New York State Dept. of Motor Vehs.* (134 AD3d 1281, 1281-1282 [2015]) and *Matter of Joy v New York State Dept. of Motor Vehs.* (133 AD3d 1167, 1168-1169 [2015]), and are identical to those determined in *Matter of Carney v New York State*

*Dept. of Motor Vehs.* (133 AD3d 1150, 1151-1152 [2015]) and *Matter of Acevedo v New York State Dept. of Motor Vehs.* (132 AD3d 112, 118-121 [2015]), we find that our holdings affirming Supreme Court in those prior cases are dispositive here.*

Peters, P.J., Garry, Rose and Aarons, JJ., concur. Ordered that the judgment is affirmed, without costs.

* Appeals in *Matter of Matsen v New York State Dept. of Motor Vehs.* (*supra*), *Matter of Carney v New York State Dept. of Motor Vehs.* (*supra*) and *Matter of Acevedo v New York State Dept. of Motor Vehs.* (*supra*) are currently pending before the Court of Appeals.